# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 97-20743

---

INTRASTATE GAS GATHERING COMPANY;
GRAYSON COUNTY JOINT VENTURE NO. 1,

Plaintiffs,

GRAYSON COUNTY JOINT VENTURE NO. 1,

Plaintiff-Appellant/Cross-Appellee,

versus

THE DOW CHEMICAL COMPANY; DOW
HYDROCARBONS,

Defendants,

THE DOW CHEMICAL COMPANY,

Defendant-Appellee/Cross-Appellant.

---

Appeal from the United States District Court
For the Southern District of Texas
( H-92-CV-1828)

---

July 30, 1998

Before POLITZ, Chief Judge, WISDOM and WIENER, Circuit Judges.

POLITZ, Chief Judge:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Intrastate Gas Gathering Company and Grayson County Joint Venture No. 1 appeal an adverse summary judgment on their contract claim. Dow Chemical Company cross-appeals the denial of its motion for summary judgment on liability and the award of quantum meruit damages. For the reasons assigned, we vacate and remand.

## Background

The instant controversy arises out of the transportation of gas through certain pipelines located in Texas. Intrastate, acting on behalf of Grayson as its managing partner, contends that Dow transported gas for which a fee is owed under their Transportation Agreement. In the alternative, Intrastate contends that it is entitled to compensation for the use of the Grayson pipeline. Dow asserts that it did not own, possess, or control the gas in question and, thus, it is not liable. In any event, Dow contends that the subject gas is not covered by the Transportation Agreement and Grayson does not own the facilities through which it traveled. Dow also asserts several affirmative defenses.

In its ruling on cross-motions for summary judgment, the district court limited Intrastate's claim, under the "one satisfaction rule," to gas that flowed through the Grayson pipeline, and "assumed" that Grayson owns a portion of the facilities through which the gas traveled. The court concluded that the

2

Transportation Agreement was inapplicable and then awarded quantum meruit damages. Recovery was limited, however, to two years, based on a clause in the Transportation Agreement. Both Intrastate and Dow timely appealed.

Analysis

We review the grant of summary judgment *de novo*.[1] Without weighing the evidence, assessing its probative value, or resolving any factual disputes, we search the record for resolution determinative facts and, if no material disputes are found, apply controlling law thereto.[2] Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3] The party seeking summary judgment carries the burden of persuasion, and all facts and inferences are to be viewed in the light most favorable to the non-movant.[4]

A close review of the record reveals that it is replete with material, factual disputes. Dow contends that it does not own, possess, or control the gas at issue

---

[1] **City of Arlington v. FDIC**, 963 F.2d 79 (5th Cir. 1992).

[2] **Id.**

[3] Fed.R.Civ.P. 56(c).

[4] **Huckabay v. Moore**, 142 F.3d 233 (5th Cir. 1998).

3

and, therefore, it is not liable, regardless of the circumstances. In support of this contention Dow presents agreements evidencing that it "released" the gas to its "retrievers." Intrastate counters that Dow owned the gas originally and owned the gas at delivery and, despite the intervening agreements, that Dow maintained possession and control over the gas. In reviewing the summary judgment evidence on this issue we find material, factual disputes which preclude use of the summary judgment vehicle. We are unable to determine with certainty whether the "release" Dow relies on is a complete relinquishment of ownership, possession, and control. Considering all of the circumstances, we find that at least two reasonable interpretations are possible under the record evidence. Accordingly, resolution of this dispositive issue at the summary judgment stage is not appropriate.

Even if Dow were deemed to own the gas, additional material disputes exist which preclude summary judgment. For example, the Transportation Agreement permits of two varied, reasonable interpretations. Evidence of the parties' intentions manifestly is conflicting. A material dispute also exists relative to Grayson's ownership of the facilities in question. The district court's assumption on this material issue is inappropriate at this stage of these proceedings.

In addition to concluding that summary judgment on the liability determination was inappropriate, we must also note concern over the assessment

of damages in a summary judgment setting. The amount of quantum meruit damages to be awarded is itself inherently fact-driven,[5] and the evidence presented in support thereof is not dispute free.

Cognizant and supportive of the district court's effort to narrow the diverse issues raised in this controversy, we must, however, remain mindful that making factual resolutions, in light of the conflicting evidence on these material issues, is an inappropriate use of the summary judgment mechanism.[6] Accordingly, we hold that the district court erred in concluding that there were no genuine issues of material fact for fact-finder resolution and in entering summary judgment.[7]

The judgment appealed is VACATED and the matter is REMANDED for further proceedings consistent herewith.

---

[5] See **Longo v. Shore & Reich, Ltd.**, 25 F.3d 94 (2d Cir. 1994) (the reasonable value of services determination on a quantum meruit basis is a question for the trier of fact); **E.L. Klewicki Co. v. American Screw Products**, 690 F.2d 85 (6th Cir. 1982), citing 1 Corbin on Contracts § 99 at 445 ("[H]ow much is reasonable in any particular case is a question of fact, not one of law. There is no rule of law by which the amount can be deductively determined.").

[6] See **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 249 (1986) ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").

[7] In light of our holding about the factual disputes herein, we need not, and do not, comment on the district court's legal conclusions. The remaining issues raised on appeal and cross-appeal are deemed moot.